UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JIMMY GONG
and JIMMY'S SPORTSHOP, INC.

                      Plaintiff,                    23--CV-05401 (PKC)(JMW)

    -against-                                 **ANSWER**

LIEUTENANT MARC TIMPANO, individually,
SERGEANT WILLIAM RUSSELL, individually
and THE COUNTY OF NASSAU,

                      Defendants.
-------------------------------------------------------X

       Defendants, Lieutenant Marc Timpano ("Timpano"), Sergeant William Russell ("Russell") and the County of Nassau (the "County"), hereinafter referred to collectively as the "County Defendants"), by their attorney, Thomas A. Adams, Nassau County Attorney, by Deputy County Attorney Ralph J. Reissman, as and for their Answer to the Complaint of plaintiffs Jimmy Gong and Jimmy's Sportshop, Inc., hereinafter referred to collectively as "plaintiffs") filed July 24. 2023 [DE 6-1] allege upon information and belief, as follows:

        **AS AND FOR A RESPONSE TO "NATURE OF THE ACTION"**

    1.    Deny the allegations set forth in paragraph 1.

    2.    Deny the allegations set forth in paragraph 2.

              **AS AND FOR A RESPONSE TO "JURISDICTION"**

    3.    Deny the allegations set forth in paragraph 3, and respectfully refer the Court to the statutes cited therein for their true text and legal import.

                 **AS AND FOR A RESPONSE TO "VENUE"**

    4.    Deny the allegations set forth in paragraph 4, and respectfully refer the Court to the statutes cited therein for their true text and legal import.

## AS AND FOR A RESPONSE TO "PARTIES"

5. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6.

7. Admit the allegations set forth in paragraph 7.

8. Admit the allegations set forth in paragraph 8.

9. Admit the allegations set forth in paragraph 9.

## AS AND FOR A RESPONSE TO "STATEMENT OF FACTS"

10. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10.

11. Admit the allegations set forth in paragraph 11.

12. Admit the allegations set forth in paragraph 12.

13. Admit the allegations set forth in paragraph 13.

14. Admit the allegations set forth in paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17.

18. Admit the allegations set forth in paragraph 18.

19. Deny the allegations set forth in 19, except admit that plaintiff Jimmy Gong was arrested in part relating to the case of optics and scopes, and respectfully refer the Court to the arrest documents created in connection with Jimmy Gong's arrest.

20. Admit the allegations set forth in paragraph 20.

21. Admit the allegations set forth in paragraph 21.

22. Admit the allegations set forth in paragraph 22.

23. Admit the allegations set forth in paragraph 23.

24. Admit the allegations set forth in paragraph 24.

25. Deny the allegations set forth in paragraph 25, and respectfully refer the Court to the document(s) cited therein for their true text and legal import.

26. Deny the allegations set forth in paragraph 26, and respectfully refer the Court to the email message cited therein for its true text and legal import.

27. Admit the allegations set forth in paragraph 27.

28. Deny the allegations set forth in paragraph 28, and respectfully refer the Court to the document(s) cited therein for their true text and legal import.

29. Deny the allegations set forth in paragraph 29, and respectfully refer the Court to the document(s) cited therein for their true text and legal import.

30. Admit the allegations set forth in paragraph 30, and respectfully refer the Court to the document(s) cited therein for their true text and legal import.

31. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 31.

32. Admit the allegations set forth in paragraph 32.

33. Admit the allegations set forth in paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 34.

35. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35.

36. Deny the allegations set forth in paragraph 36.

37. Deny the allegations set forth in paragraph 37.

38. Deny the allegations set forth in paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 40.

41. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 40.

42. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41.

**AS AND FOR A RESPONSE TO "FIRST CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFFS'
SECOND AMENDMENT RIGHTS"**

43. In response to paragraph 43, defendants repeat and reallege each and every response to paragraphs 1 through 42 as though set forth fully herein.

44. Admit the allegations set forth in paragraph 44.

45. Admit the allegations set forth in paragraph 45.

46. Admit the allegations set forth in paragraph 46.

47. Admit the allegations set forth in paragraph 47.

48. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48.

49. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 49.

50. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 50.

51. Deny the allegations set forth in paragraph 51, and respectfully refer the Court to the document(s) cited therein for their true text and legal import.

52. Deny the allegations set forth in paragraph 52.

53. Deny the allegations set forth in paragraph 53.

54. Deny the allegations set forth in paragraph 54.

55. Deny the allegations set forth in paragraph 55.

56. Deny the allegations set forth in paragraph 56.

**AS AND FOR A RESPONSE TO "SECOND CAUSE OF ACTION
VIOLATION OF PLAINTIFFS'
FOURTEENTH AMENDMENT DUE PROCESS RIGHTS"**

57. In response to paragraph 57, defendants repeat and reallege each and every response to paragraphs 1 through 56 as though set forth fully herein.

58. The allegations set forth in paragraph 58 call for a legal conclusion, to which no response is required.

59. The allegations set forth in paragraph 59 call for a legal conclusion, to which no response is required.

60. The allegations set forth in paragraph 60 call for a legal conclusion, to which no response is required.

61. The allegations set forth in paragraph 61 call for a legal conclusion, to which no response is required.

62. The allegations set forth in paragraph 62 call for a legal conclusion, to which no response is required.

63. The allegations set forth in paragraph 63 call for a legal conclusion, to which no response is required.

64. Admit the allegations set forth in paragraph 64.

65. Admit the allegations set forth in paragraph 65.

66. Deny the allegations set forth in paragraph 66.

67. Deny the allegations set forth in paragraph 67.

68. Deny the allegations set forth in paragraph 68.

69. Deny the allegations set forth in paragraph 69.

**AS AND FOR A RESPONSE TO "THIRD CAUSE OF ACTION
VIOLATION OF PLAINTIFFS'
FOURTEENTH AMENDMENT DUE PROCESS RIGHTS**

70. In response to paragraph 70, defendants repeat and reallege each and every response to paragraphs 1 through 69 as though set forth fully herein.

71. The allegations set forth in paragraph 71 call for a legal conclusion, to which no response is required.

72. The allegations set forth in paragraph 72 call for a legal conclusion, to which no response is required.

73. The allegations set forth in paragraph 73 call for a legal conclusion, to which no response is required.

74. The allegations set forth in paragraph 74 call for a legal conclusion, to which no response is required.

75. The allegations set forth in paragraph 75 call for a legal conclusion, to which no response is required.

76. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 76.

77. The allegations set forth in paragraph 77 call for a legal conclusion, to which no response is required.

78. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 78.

79. Deny the allegations set forth in paragraph 79, and aver that defendants are in the process of providing Gong with a post-deprivation hearing.

80. Deny the allegations set forth in paragraph 80, and aver that defendants are in the process of providing Jimmy's Sportshop, Inc.with a post-deprivation hearing.

81. Deny the allegations set forth in paragraph 81.

82. Deny the allegations set forth in paragraph 82.

83. Deny the allegations set forth in paragraph 83.

**AS AND FOR A RESPONE TO "FOURTH CAUSE OF ACTION UNCONSTITUTIONAL POLICY OF RETENTION OF SEIZED WEAPONS IN VIOLATION OF PLAINTIFFS' FOURTEENTH AMENDMENT RIGHTS"**

84. In response to paragraph 84 defendants repeat and reallege each and every response to paragraphs 1 through 83 as though set forth fully herein.

85. The allegations set forth in paragraph 85 call for a legal conclusion, to which no response is required.

86. The allegations set forth in paragraph 86 call for a legal conclusion, to which no response is required.

87. The allegations set forth in paragraph 87 call for a legal conclusion, to which no response is required,

88. The allegations set forth in paragraph 88 call for a legal conclusion, to which no response is required.

89. Deny the allegations set forth in paragraph 89.

90. Deny the allegations set forth in paragraph 90.

91. Deny the allegations set forth in paragraph 91.

92. Deny the allegations set forth in paragraph 92.

93. Deny the allegations set forth in paragraph 93.

94. Deny the allegations set forth in paragraph 94.

95. Deny the allegations set forth in paragraph 95.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

96. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

97. Plaintiffs' constitutional rights have not been violated by defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

98. Plaintiffs' statutory rights have not been violated by defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

99. At all applicable times herein, and at all times mentioned in the Complaint, defendant County of Nassau, its agencies, departments, officers, agents, servants and/or employees, including the Nassau County Police Department and its officers, agents, servants

and/or employees, enjoyed, and continue to enjoy, a full, partial or qualified immunity from civil suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

100. At all applicable times herein, and at all times mentioned in the Complaint, defendants Timpano and Russell enjoyed, and continue to enjoy, a full, partial or qualified immunity from civil suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101. At all applicable times herein, and at all times mentioned in the Complaint, defendants County of Nassau, Timpano and Russell acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102. At all applicable times herein, and at all times mentioned in the Complaint, the duties and functions of the County of Nassau's officials entailed the exercise of proper and lawful discretion. Therefore, the County of Nassau enjoys governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

103. At all applicable times herein, and at all times mentioned in the Complaint, the County of Nassau, the Nassau County Police Department, and their officers, agents, servants and/or employees having anything to do with plaintiff, including defendants Timpano and Russell, were acting in the performance of their respective duties as officers, agents, servants and/or employees of the County of Nassau and the Nassau County Police Department, and as officers, agents, servants and/or employees of the State of New York; that all of the acts of each officer, agent, servant and/or employee of the County of Nassau and the Nassau County Police

Department in connection with the plaintiff were performed in good faith, without malice, and with reasonable and proper care in the ordinary course of their duties as officers, agents, servants and/or employees of the County of Nassau, the Nassau County Police Department and the State of New York.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

104. At all applicable times herein, and at all times mentioned in the Complaint, the actions of defendants County of Nassau, Timpano and Russell were in full accord with all applicable laws and statutes.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

105. Under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) and its progeny, the alleged acts or omissions of County Defendants named in the Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau pursuant to the doctrine of *respondeat superior* and, consequently, defendant County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or the acts or conduct of any agent, servant or employee of defendant County of Nassau with respect to any and all claims brought pursuant to 42 U.S.C. § 1983, as a matter of law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

106. Punitive damages may not be recovered against defendant County of Nassau, it agencies and departments as a matter of law.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

107. Plaintiffs have failed to mitigate their damages in this action.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

108. Plaintiffs failed to comply with the requirements of New York General Municipal Law Section 50-e.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

109. Plaintiffs failed to comply with the requirements of New York General Municipal Law Section 50-h.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

110. Plaintiffs failed to comply with the requirements of New York General Municipal Law Section 50-i.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

111. Plaintiffs failed to comply with the requirements of New York County Law Section 52.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

112. If plaintiffs sustained damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent and/or wrongful conduct of parties other than defendants County of Nassau, Timpano and Russell, over whom said defendants exercised no control, without any negligent or wrongful conduct on the part of said defendants, their officials, agents, servants or employees contributing thereto.

**WHEREFORE,** defendants County of Nassau, Marc Timpano and William Russell demand judgment dismissing the Complaint in its entirety, together with costs, disbursements and attorney's fees, together with all such other and further relief the Court deems just and proper.

Dated: Mineola, New York
      August 16, 2023

                                      **THOMAS A. ADAMS**
                                      Nassau County Attorney
                                      Attorney for Defendants

By:   /s/ Ralph J. Reissman
       RALPH J. REISSMAN
       Deputy County Attorney
       One West Street
       Mineola, New York 11501
       (516) 571-3046

TO: (VIA ECF)
Harfenist Kraut & Perlstein LLP
Attorneys for Plaintiffs
3000 Marcus Avenue – Suite 2E1
Lake Success, New York 11042
(516) 355-9600