

**NEIL TORCZYNER**
Attorney at Law
DIRECT TEL.: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

January 3, 2024

Honorable James M. Wicks
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

By: ECF

    RE: Jimmy Gong et al v. Lieutenant Marc Timpano et al
        Docket No. 23-CV-5401 (PKC)(JMW)

Dear Judge Wicks:

The undersigned represents Plaintiffs in the above captioned action. I submit this letter application seeking an Order: (1) compelling Defendants to comply with the requirement to serve proper Rule 26 disclosures as set forth in the September 14, 2023 Scheduling Order (Docket Entry #15) and this Court's Order of October 26, 2023 (unnumbered Docket Entry), and (2) compelling Defendants to serve responses to Plaintiffs' November 13, 2023 First Requests for Production and First Set of Interrogatories.

**Brief Factual History**

As the Court may recall, this lawsuit seeks recovery against the County of Nassau and various Nassau County Police Department (NCPD) officials based upon: (a) the failure to provide a pre-deprivation hearing prior to the suspension of Plaintiffs' gunsmith/dealer license; (b) the failure to provide a post-deprivation hearing following the suspension of Plaintiffs' gunsmith/dealer license; (c) the illegal retention of Plaintiffs firearms by the NCPD following the dismissal of all criminal charges against Jimmy Gong.

As more fully discussed in the Complaint, on September 30, 2022, Jimmy Gong was arrested by the NCPD and charged with trademark counterfeiting under New York Penal Law §165.72 and Conspiracy in the Fifth Degree under Penal Law §105.05(1), related to the sale of optics and scopes. (Complaint at ¶¶19-20). As required under the Nassau County Pistol License Handbook, Gong promptly advised the NCPD Pistol License Section that he had been arrested at which time the NCPD suspended Jimmy's licenses, including the Gun Dealer/Gun Smith license. (Complaint at ¶21). Based on the suspension, Jimmy surrendered all of the store's firearms to the NCPD. (Complaint at ¶22).

Subsequently on February 8, 2023, the trademark counterfeiting charge was reduced to an A misdemeanor by the Nassau County District Court and the charges were adjourned to May 8, 2023 in contemplation of dismissal and were in fact dismissed. (Complaint at

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914.708-0808

¶¶24,27). At numerous times commencing February 2023 and running through June 2023, Jimmy and his counsel wrote to the NCPD and the Nassau County Attorney requesting that the licenses required to operate the business be reinstated. (Complaint at ¶¶24-33). At no point did the NCPD ever respond in writing to these requests and as a result Plaintiffs are unable to perform all or most of their business activities. (Complaint at ¶¶34, 39-42). Furthermore, Plaintiffs are unaware of whether any investigation has been performed and why neither the licenses nor the store's weapons have been returned. (Complaint at ¶35). Instead, the licenses remained in a "suspended" state, thus prompting the filing of the lawsuit in July 2023.

Notwithstanding the filing of the lawsuit in July 2023, the NCPD still has not lifted the suspension nor have they communicated why the licenses have remained in a suspended state (as opposed to being revoked or reinstated). This has continued to cause financial difficulties for the Plaintiffs who cannot operate their business profitably without a state license.

**The Defendants Should be Required to Serve Proper Rule 26 Disclosure**

Under the September 14, 2023 Scheduling Order (Docket Entry #15), the parties were required to serve Rule 26 Disclosure on or before September 22, 2023. After Defendants failed to do so, the undersigned served letters dated September 29, 2023 and October 16, 2023 which requested that Defendants serve their Rule 26 disclosure. Additionally, at Defendants' request, a Stipulation to Unseal Plaintiff's criminal file was completed and e-mailed to Defendants on October 10, 2023. Following multiple "meet and confer" conversations, Plaintiffs moved to compel on October 24, 2023 (Docket Entry #16) resulting in the Court's Order of October 24, 2023 requiring that Rule 26 Disclosures be served by November 6, 2023.

Although Defendants did comply with the Court's Order, the Rule 26 disclosure was bare bones and did not comply with Rule 26.[1] Under FRCP 26(a)(1)(A)(i) the disclosure of witnesses is required to include "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." Defendants' production fails to comply with this requirement as Defendants have simply listed a dozen police officers and the ADA, with no description of the subjects of the information which would be relevant to this lawsuit.

Similarly, under FRCP 26(a)(1)(A)(ii) the disclosure of documents is required to include "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Again, Defendants' production fails to comply with this requirement as Defendants have not produced any

---

[1] A copy of the Rule 26 Disclosure is appended to this letter as Exhibit "A."

document and the "description" provided in the disclosure is simply "the files" maintained by either the NCPD or the NCDA, which is simply inadequate under FRCP.

I attempted to resolve these issues with counsel for Defendants by writing multiple letter outlining the specific deficiencies set forth above. I also had meet and confer conversations by phone with counsel for the Defendants on November 16, November 29, December 22 and December 28. In each conversation counsel for Defendants indicated that he had asked the NCPD for the information and was still waiting for a response.

**The Defendants Should be Required to Serve Discovery Responses**
Shortly after the service of the Rule 26 Disclosure, Plaintiffs served their First Requests for Production and First Set of Interrogatories on November 13, 2023. When no response to these demands were served, I followed up with a letter on December 22, 2023. Following receipt of my letter, counsel for Defendants spoke with me by phone on December 22 and December 28, but other than mentioning that he had receive the DA's file, he had no additional information and had no expected date that production would be made, notwithstanding my specific requests.

In an average matter the failure to timely serve Rule 26 Disclosure and discovery responses might be a minor inconvenience. But in the instant lawsuit where Plaintiffs have not received a single written response from the NCPD advising as to the process for the return of the weapons and reinstatement of the licenses, the inaction has choked Plaintiffs business which has been unable to operate profitably for more than a year.

In light of the above, it is respectfully requested that the Court Order Defendants to serve supplemental Rule 26 disclosure and responses to Plaintiffs' First Requests for Production and First Set of Interrogatories no later than January 11, 2024.

I thank the Court for its consideration in this matter.

                Respectfully Submitted
                HARFENIST KRAUT & PERLSTEIN, LLP

                By: *Neil Torczyner*
                        Neil Torczyner

**CC: All counsel (via ECF only)**