

## HARFENIST KRAUT & PERLSTEIN LLP

**NEIL TORCZYNER**
*Attorney at Law*
DIRECT TEL.: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

March 15, 2024

Honorable James M. Wicks
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722
<u>By: ECF</u>

    RE: Jimmy Gong et al v. Lieutenant Marc Timpano et al
       Docket No. 23-CV-5401 (PKC)(JMW)

Dear Judge Wicks:

    The undersigned represents Plaintiffs Jimmy Gong ("Jimmy") and Jimmy's Sportshop ("JSI") in this action. I submit this letter application seeking an Order under FRCP 37 precluding Defendants from offering evidence based on Defendants' repeated failure to comply with discovery. These include the failure to serve: (1) proper Rule 26 disclosures (2) responses to Plaintiffs' November 13, 2023, First Requests for Production, and (3) responses to Plaintiff's individual Interrogatory demands. The failure to comply with discovery has been the subject of two (2) motions to compel and three (3) Court Orders.

## **<u>Brief Factual History</u>**

    This lawsuit seeks recovery against the County of Nassau and various police officials based upon: (a) the failure to provide a pre-deprivation hearing before suspending Jimmy's gunsmith/dealer license; (b) the failure to provide a post-deprivation hearing following the suspension of Jimmy's gunsmith/dealer license; (c) the illegal retention of Jimmy and JSI's firearms by the NCPD following the dismissal of all criminal charges against.

    On September 30, 2022, Jimmy was arrested and charged with trademark counterfeiting under New York Penal Law §165.72 and Conspiracy under Penal Law §105.05(1), related to the sale of gun scopes. (Complaint at ¶¶19-20). As required under the Nassau County Pistol License Handbook, Gong promptly advised the NCPD Pistol License Section that he had been arrested at which time the NCPD suspended Jimmy's licenses, including the Gun Dealer/Gun Smith license. (Complaint at ¶21). Jimmy was required to surrender JSI's and his own personal firearms (Complaint at ¶22).

    Subsequently on February 8, 2023, the trademark counterfeiting charge was reduced to an A misdemeanor and the charges were adjourned to May 8, 2023 in contemplation of dismissal. The charges were then fully dismissed on May 8, 2023. (Complaint at ¶¶24,27).

    At numerous times between February 2023 and June 2023, Jimmy and his counsel wrote to the NCPD and the Nassau County Attorney requesting that the licenses required to operate the business be reinstated. (Complaint at ¶¶24-33). At no point did the NCPD ever respond in writing to these requests and as a result Plaintiffs were unable to perform all or

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808.

most of their business activities. (Complaint at ¶¶34, 39-42). Plaintiffs are unaware of whether any investigation has been performed and why neither the licenses nor the store's weapons have been returned. (Complaint at ¶35). Instead, the licenses remained in a "suspended" state, thus prompting the filing of the lawsuit in July 2023.

Notwithstanding the filing of the lawsuit in July 2023, the NCPD has not lifted the suspension, nor have they revoked or reinstated the licenses. As such the licenses have remained in a suspended state, causing financial difficulties for the Plaintiffs who cannot operate their business without a local license. The Complaint seeks damages for the financial loss occasioned by JSI as well as for violation of Jimmy's constitutional rights.

**The Defendants Have Ignored Multiple Court Orders**
Under the September 14, 2023 Scheduling Order (Docket Entry #15), the parties were required to serve Rule 26 Disclosure by September 22, 2023. As more fully discussed in Plaintiffs' motion to compel of October 24, 2023 (Docket Entry #16), Defendants failed to serve responses, notwithstanding good faith efforts by Plaintiffs. By Order dated October 24, 2023, the Court Ordered disclosure be made by November 6, 2023.

As discussed in Plaintiffs' Motion to Compel of January 3, 2024 (Docket Entry #17), Defendants served Rule 26 disclosure on November 6, but the disclosure was bare bones and did not comply with Rule 26. As more fully discussed in that motion, the Rule 26 disclosure production did not comply with FRCP 26(a)(1)(A)(i) as Defendants simply listed a dozen police officers and the ADA, with no description of the subjects of the information which would be relevant to this lawsuit. Similarly, the disclosure did not comply with FRCP 26(a)(1)(A)(ii) as Defendants had not produced any documents and the "description" was inadequate under FRCP.

In addition to moving to compel proper Rule 26 disclosure, the January 3, 2024, motion requested an Order compelling Defendants to respond to Plaintiffs' First Requests for Production and First Set of Interrogatories to Nassau County, Marc Timpano and William Russell. (Docket Entry #17). This application was granted during the parties' January 16, 2024 Conference and memorialized in the Court's Civil Conference Minute Order which required that supplemental Rule 26 disclosure and responses to the First Requests for Production and Interrogatories be served by February 9, 2024. (Docket Entry #18).

On February 26, 2024 the Court issued an electronic Order which recognized that "Defendants have not supplemented their Rule 26 disclosures nor have they responded to Plaintiffs' November 13, 2023 First Requests for Production to the Defendants or the November 13, 2023 individual interrogatory demands to Russell, Timpano and Nassau County, all in violation of this Court's January 16, 2024 Order directing the County to: (i) supplement their Rule 26 disclosures and (ii) produce and respond to all outstanding interrogatories and documents demands on or before February 9, 2024. See ECF No. 19.

The February 26, 2024 Order gave Defendants an additional opportunity to comply with disclosure and the prior Orders, stating "Defendants are directed to provide the

outstanding production on or before March 11, 2024. Failure to comply with this Court's Order may result in sanctions against Defendants under Rule 37(b)."

On March 11, 2024, Defendants made a document disclosure on March 11, 2024, however the documents provided were not responsive to the Plaintiffs' First Requests for Production as the disclosure consisted solely of Jimmy's 2022 arrest file. These documents are not responsive to the Requests for Production which sought documents related to the suspension of the pistol licenses and the investigation (if any) conducted by the NCPD Pistol License Section after the criminal charges were dismissed in 2023. Additionally, Defendants have not provided the supplemental Rule 26 disclosure, formal response to the November 13, 2022 Requests for Production and the November 13, 2022 Interrogatories.

I have had numerous meet and confer calls with Mr. Reissman and sent many emails and letters both prior and subsequent to March 11, 2024, and through my calls, letters and emails, I have repeated Plaintiffs' position that this not a false arrest claim and that the documents demanded relate to the suspension of the pistol licenses and the failure to reinstate them. Despite diligent efforts to compel responses to document and interrogatory requests and notwithstanding the milestones in the Scheduling Order (Docket Entry #15), I have received no evidence demonstrating why the pistol licenses remain suspended.

**The Defendants Should be Precluded from Offering Evidence**

As noted in *Walpert v. Jaffrey*, 127 F. Supp. 3d 105, 122 (S.D.N.Y. 2015), "Fed.R.Civ.P. 37(b)(2)(A)(ii)–(vii) authorizes courts to impose a variety of sanctions—including "striking pleadings in whole or in part" and "rendering a default judgment against [a] disobedient party"—where a party has "fail[ed] to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2)(A)(ii)–(vii). Fed.R.Civ.P. 16(f) authorizes courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)," where a party or his attorney has "fail[ed] to appear at a scheduling or other pretrial conference" or has "fail[ed] to obey a scheduling or other pretrial order."

Defendants have failed to obey numerous Orders and have provided no documents or other information related to the suspension of the pistol licenses, the investigation by the pistol license section after suspension and the reason why the licenses remain suspended more than a year after the criminal charges were adjourned in contemplation of dismissal.

In light of the above, Plaintiffs respectfully submit that the Defendants should be precluded from offering evidence as to: (1) the rationale for their suspension of the licenses; (2) the investigation following suspension, and (3) the failure to reinstate the licenses.

I thank the Court for its consideration in this matter.

Respectfully Submitted
HARFENIST KRAUT & PERLSTEIN, LLP
By: *Neil Torczyner*
Neil Torczyner